IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANLEY FAIMON, and BECKY FAIMON, | ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV382 |
| v. | ) ) ) | |
| FARMERS CROP INSURANCE ALLIANCE, INC. and FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

    This matter is before the court on defendants' motion to dismiss, Filing No. 4, plaintiffs' motion to amend application to vacate award, Filing No. 8, and defendants' motion to dismiss, Filing No. 11. After defendants filed their initial motion to dismiss, plaintiffs then filed a motion to file an amended application. The court will grant the motion to amend, Filing No. 8, instanter, and will, therefore, deny the initial motion to dismiss, Filing No. 4, as moot. Thus, the only pending motion before the court is the second motion to dismiss, Filing No. 11.

**FACTS**

    The plaintiffs farmed ground located in Hitchcock County, Nebraska, and contiguous land in Rawlins County, Kansas. During the time in question, plaintiffs farmed "all dry land" crops and they had a wheat crop known as "continuous, no-till farming practice." During the 2002-2003 wheat crop season, drought destroyed the crop. Defendants made an insurance payment to the plaintiffs for this loss. Evidently the plaintiffs had experienced six years of drought conditions. The next spring, the corn, milo and soybean crops failed

because of drought conditions.    During this time period, North Central Crop Insurance merged with Blakely Crop Insurance.  The plaintiffs planted wheat again in the fall of 2003.

Apparently someone filed an anonymous complaint concerning an issue about how the plaintiffs conducted their planting.  An investigation ensued and the defendants determined they would not pay for plaintiffs' additional claims.  The case then went to arbitration and the arbitrator found in favor of the defendants.  Plaintiffs have filed this action asking the court to vacate the arbitration award.  Plaintiffs argue that the arbitrator erroneously refers to testimony by federal agency personnel that does not exist, made erroneous evidentiary findings, considered matters outside of what was presented to him at the hearing, and failed to act in an impartial and neutral manner.

## STANDARD OF REVIEW

The scope of review of an arbitrator's decision is very narrow.  *See Alvey, Inc. v. Teamsters Local Union No. 688,* 132 F.3d 1209, 1211 (8th Cir. 1997); *United Food & Commercial Workers, Local No. 88 v. Shop 'N Save Warehouse Foods, Inc.*, 113 F.3d 893, 894 (8th Cir. 1997).  The agreement must be construed broadly, resolving doubts in favor of validity of the agreement.  *Id.* at 895.  The arbitrator's award must draw its essence and being from the collective bargaining agreement.  *See id.*  Unless the award is not susceptible to the interpretation given to it by the arbitrator, the reviewing court cannot interfere with the award.  *See Kewanee Machinery Div. v. Local Union No. 21,* 593 F.2d 314, 318 (8th Cir. 1979).  This is true even if the award by the arbitrator rests on errors of fact or on misinterpretations of the contract.  *Alvey* at 1211.

"An arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice."  *United*

*Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960). The arbitrator cannot amend the contract, although he can look to outside sources to aid in interpreting it. *See Keebler Co. v. Milk Drivers and Dairy Employees Union*, 80 F.3d 284, 288 (8th Cir. 1996). Federal policy strongly favors arbitration. *See United Paperworkers Int'l Union v. Misco,* 484 U.S. 29, 37 (1987). "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept." *Id.* at 37-38. Even if the court is convinced that error has occurred, the decision of the arbitrator cannot be overturned if he acted within the scope of his authority and is construing or applying the contract. *Id.* at 38. "When an agreement to arbitrate exists and the dispute falls within the scope of the agreement . . . the court must defer to the arbitrators' decision." *DVC-JPW Investors v. Gershman*, 5 F.3d 1172, 1174 (8th Cir. 1993).

**ARBITRATOR'S DECISION**

The arbitrator listened to the testimony of several witnesses and reviewed a number of documents at the hearing. The arbitrator found the loss uninsurable in accordance with Federal Crop Insurance Corporation policy. Filing No. 1, Attachment. The arbitrator denied plaintiffs' claims in their entirety.

**DISCUSSION**

Plaintiffs have filed their amended complaint seeking to (1) vacate the arbitration award, and (2) requesting a jury trial to determine whether defendants breached their contract to pay plaintiffs' claims. The court notes that the only remedy available to the plaintiffs is to vacate or modify or correct the arbitration award. Federal Arbitration Act, 9 U.S.C. §§ 10-12. Reconsideration on the merits is not permissible. *Misco*, 484 U.S. at 36.

To the extent that the plaintiffs are asking this court to review the merits of the arbitrator's decision, it will not do so.

With regard to the allegations of impartiality, the court has reviewed the record and finds this claim to be without merit. The suggestion by the arbitrator that one of the parties or witnesses read the insurance agreement next time he is involved in a case such as this one falls well short of evidence to support a claim of impartiality or bias and the plaintiffs have not met their burden in this regard. *Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 146 (4th Cir. 1993) (plaintiff has burden of proof of showing impartiality or bias). The court finds this claim to be without merit.

Plaintiffs contend next that the arbitrator relied on testimony from witnesses employed by a federal agency. The court agrees that such witnesses as characterized by the arbitrator did not testify. However, the court assumes that the arbitrator was talking about testimony elicited from the witnesses for the parties. The fact that the arbitrator made a mistake in identifying the witnesses as federal agents is not sufficient to allow this court to vacate the award. The information relied on by the arbitrator is in the record through witness testimony, and the arbitrator could have obtained this information by reviewing the documents of the agents who inspected the land in question and talked with the plaintiffs in this case. Consequently, the court, likewise, finds this claim to be without merit.

With reference to plaintiffs' claim that the arbitrator disregarded the law, the court again finds this claim to be without merit. The court does not fully understand plaintiffs' argument concerning this issue. However, after reviewing the findings of the arbitrator, the court finds no manifest disregard for the law in any event. This doctrine is extremely

narrow and rarely granted.  *St. John's Mercy Medical Center v. Delfino*, 414 F.3d 882, 884 (8th Cir. 2005).  The court further finds that the arbitrator's award is supported by the evidence in the record and finds all of plaintiffs' additional claims to be without merit. [1]

THEREFORE, T IS ORDERED THAT:

1.  The plaintiffs' motion to amend, Fling No.8, is granted instanter;

2.  The motion to dismiss, Filing No. 4, is denied as moot; and

3.  The motion to dismiss, Filing No. 11, is granted, and the award of the arbitrator is affirmed.  A separate judgment will be entered in accordance with this memorandum and order.

DATED this 24th day of February, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

[1] The court, after reviewing the record, finds a sufficient basis to affirm the award of the arbitrator, based on the fact that the arbitrator acted within the scope of his authority when applying the contract. However, the court is very concerned by the written decision of the arbitrator. The award of the arbitrator is difficult to understand, fails to adequately discuss the rationale and conclusions, and it includes factual statements that are not accurate. Both the parties and the court deserve a more elucidated decision by the arbitrator.